UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cr-00170-TWP-MKK |
| | ) | |
| AUSTIN GROSS, | ) | -01 |
| JASON LEWIS, | ) | -02 |
| ISAIAH WRIGHT, | ) | -03 |
| MAKAYLA HOCHSTETLER, | ) | -04 |
| JOSE SANCHEZ, | ) | -05 |
| RONTE MAJORS, | ) | -06 |
| JACOB BOBBITT, | ) | -07 |
| PHYLYDIA JACKSON, | ) | -08 |
| NATHAN DONLAN, | ) | -09 |
| JULIETTE GALLARDO ZAMORA, | ) | -10 |
| GAGE BUTLER, | ) | -11 |
| ALISHA SECREST, | ) | -12 |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT GROSS' MOTION FOR EARLY TRIAL**

This matter is before the Court on Defendant Austin Gross' Motion for Early Trial pursuant to 18 U.S.C. § 3161(j) (Filing No. 301). The Motion is **denied**, as acceleration of the current trial date is not warranted under 18 U.S.C. § 3161. Gross' objection to any continuance that would extend the trial date beyond what is necessary for the fair and efficient resolution of this case is acknowledged. Accordingly, the parties should prepare in earnest for trial as scheduled on October 19, 2026.

### I.      PROCEDURAL BACKGROUND

Gross, along with eight co-defendants, was Indicted by a federal grand jury on August 20, 2025, on charges of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1) and 846; Continuing Criminal Enterprise, 21 U.S.C. § 848(a),

(b), (e); Tampering with a Witness, 18 U.S.C. § 1512(a)(1)(C) and (2); Causing Death by Using a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); Conspiracy to Launder Monetary Instruments, 18 U.S.C. § 1956(h); and Use of a Communication Facility to Facilitate a Drug Trafficking Felony, 21 U.S.C. § 843(b) (Filing No. 1).

Gross is currently serving a Bureau of Prison ("BOP") sentence in Case No. 1:20-cr-0093-TWP-TAB, until December 2028.[1] In compliance with 18 U.S.C. § 3161(j), following indictment, Gross was removed from BOP custody and promptly brought to this district for an initial appearance on August 28, 2025 (Filing No. 63). The issue of pretrial detention/release was held in abeyance pending the completion of his current BOP sentence. *Id.* at 2. Accordingly, Gross will remain in pretrial detention in this case while he is serving his BOP sentence.

The Indictment has been superseded twice (Filing No. 116 and Filing No. 207); however, those indictments did not affect Gross' charges. He is charged in each count of the Second Superseding Indictment. Nine of his now eleven co-defendants are charged with him in Count One; three co-defendants are charged with him in Count Seven; and he is charged in Counts Eight and Nine with one additional defendant in each count (co-defendant Nathan Donlan in Count Eight, and co-defendant Phylydia Jackson in Count Nine) (Filing No. 207). Five of the charges pending against Gross—Count Two: Continuing Criminal Enterprise ("CCE"); Count Three: Tampering with a Witness; and Counts Four, Five and Six: Causing Death by Using a Firearm During and in Relation to a Crime of Violence—carry statutory minimum sentences of life imprisonment and maximum sentences of death.

---

[1] On October 15, 2021, Gross pled guilty to Conspiracy to Possess with Intent to Distribute Delta-9 Tetrahydrocannabinol; Carrying a Firearm During and in Relation to a Drug Trafficking Crime; and Felon in Possession of a Firearm in Case No. 1:20-cr-0093-TWP-TAB and received a 120-month custodial sentence. His anticipated release date from the Bureau of Prisons, per www.bop.gov, is December 13, 2028.

On August 29, 2025, CJA Counsel Eric Koselke was appointed to represent Gross (Filing No. 84). That same date, the Government filed a motion to Modify Discovery Order, Issue a Protective Order, and Set a Trial Date no earlier than September 2026 and to exclude the delay from the computation of the Speedy Trial Act (Filing No. 66). The Court directed all defendants (including Gross) to file any responses to the Government's motion by a specific date (Filing No. 88). No responses or oppositions were filed.

Because of the breadth and extent of the discovery (which ultimately resulted in roughly eight terabytes of discovery to the defendants), as well as the complexity of the case (which involves five separate death-penalty-eligible charges, including CCE as to Gross), the Court granted the Government's unopposed motion, designated the case complex, and issued an Order finding good cause to schedule the trial date for October 19, 2026 (Filing No. 114). The Court declared that the interests of justice are best served by the delay so that both the accused and the government can receive a fair trial, and those interests outweigh the interests of the public and the defendants in a speedy trial, and found the delay attributable to the October 2026 trial date excludable from the computations of time pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B). *See id.* at 2.

On September 23, 2025, Mr. Koselke moved the Court to show his appointment as Learned Counsel in a capital case nunc pro tunc, and requested appointment of co-counsel to represent Gross in this death-penalty-eligible case pursuant to the provisions of 18 U.S.C. §§ 3599 and 3005 (Filing No. 180). The next day, the undersigned determined that attorney Brent Westerfeld was qualified to be appointed co-counsel to also represent Gross in this death-penalty-eligible case pursuant to 18 U.S.C. §§ 3599 and 3005 (Filing No. 181). Both appointments were made pursuant to the Criminal Justice Act Plan for the Southern District of Indiana. *Id.*

On December 1, 2025, attorneys Terrance Kinnard and Carolyn Powers entered their appearances as retained counsel for Gross, and CJA counsel promptly moved to withdraw their appearances (Filing No. 277, Filing No. 278, Filing No. 281, Filing No. 282). Gross' Motion for Early Trial was filed on December 5, 2025. The Government filed a timely response in opposition on December 12, 2025 (Filing No. 312), and Gross filed a late reply (Filing No. 314). The motion is now ripe for ruling.

## II.     LEGAL STANDARD

The Speedy Trial Act provides that no more than seventy days may elapse between arraignment and the start of trial. 18 U.S.C. § 3161(c)(1). However, for various reasons, the district court may exclude time in calculating the seventy-day limit; thus, time that is more than seventy total days may actually elapse between arraignment and trial. 18 U.S.C. § 3161(h). *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995). The Speedy Trial Act also permits a district court to exclude time that results from "a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of an attorney for the Government," if the judge's decision to grant the continuance was based on "his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act provides a non-exhaustive list of bases upon which an ends-of-justice continuance may be granted, § 3161(h)(7)(B), and for time to be excludable under this provision, the court must undertake a timely consideration of the reasons for the continuance, *United States v. Napadow,* 596 F.3d 398, 404–05 (7th Cir.2010).

The factors, among others, which a judge shall consider in determining whether to grant a continuance include "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it

4

is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§ 3161(A)]." Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii).

If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—

> **(A)** undertake to obtain the presence of the prisoner for trial; or
> **(B)** cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

18 U.S.C. § 3161(j).

### III.     DISCUSSION

In his Motion for Early Trial, Gross "invokes his right to a speedy trial" and asks that this matter be set for "the earliest possible trial date consistent with counsel's schedule and the orderly administration of justice." (Filing No. 301). Gross "does not consent to any continuances that would extend the trial date beyond what is necessary for the fair and efficient resolution of this case" because this matter "involves issues that Gross wishes to resolve promptly before a jury, rather than through continued pretrial delays." *Id.* Gross asserts that "[t]he defense is prepared to proceed and believes that the discovery and factual issues can be handled within a reasonable and expedited schedule." *Id.*

In opposition, the Government argues that this is an "unusual" and "complex" case, in that Gross faces five death-penalty-eligible counts and six life-imprisonment-eligible counts, and has several co-defendants with him on several counts (Filing No. 312). The Government reports that there are eight terabytes of discovery in this matter, which Gross' newest attorneys have had in their possession for only a short period of time, and it would be "unreasonable to expect adequate preparation" for this case within a shorter timeframe. *Id.* at 3. *See United States v. Wasson*, 679 F.3d 938, 949 (7th Cir. 2012) (finding no prejudice from a continuance where, in part, any delays

5

"ensured [the defendant] and his counsel adequate time to deal with the complex and voluminous discovery"). The Government points out that the Department of Justice has not yet rendered a decision on whether to seek or to not seek the death penalty as to any of the death-penalty-eligible offenses. *Id.* at 5. The Government further argues that Gross is attempting to "sandbag" it by agreeing to a complex-case designation, waiving time under the Speedy Trial Act, and then demanding that the Government accelerate trial. *Id.* at 6.

In Reply, Gross clarifies that he does not seek to vacate the Court's complex-case finding, rather he asks the Court to revisit the trial schedule now that new counsel has appeared, and affirmatively asserts his speedy trial rights. (Filing No. 314).

Gross filed his Motion pursuant to 18 U.S.C. § 3161(j). However, the Government fully complied with its obligations under 18 U.S.C. § 3161(j). Promptly following indictment, Gross was brought to this district so that he could stand trial. Defense counsel was promptly appointed for Gross, and his Learned Counsel did not object to the Government's motion to declare this case complex and schedule a trial after September 2026.

The Government is correct that the Seventh Circuit forbids defendants from implicitly agreeing to a continuance and later insisting that the time be counted against the speedy trial clock. *See Baskin-Bey*, 45 F.3d at 204; *see also United States v. Kucik*, 909 F.2d 206, 211 (7th Cir. 1990). Gross' prior counsel implicitly consented to the October 2026 trial date. It is well settled that defense counsel has the authority to request or consent to a Speedy Trial Act continuance. *See New York v. Hill*, 528 U.S. 110, 115 (2000) ("For certain fundamental rights, the defendant must personally make an informed waiver, but scheduling matters are plainly among those for which agreement by counsel generally controls.") *See United States v. Gearhart,* 576 F.3d 459, 463 n. 3

6

(7th Cir.2009), ("there is no requirement that counsel obtain [the defendant's] consent prior to making purely tactical decisions such as the decision to seek a continuance.").

Gross does not argue that the case is not complex, nor does he challenge the novelty of the questions of fact and law concerning the CCE charges. He argues that the case complexity does not bar an early trial where defense is prepared and asserts that "DOJ capital review should not indefinitely delay trial." (Filing No. 314 at 3). Here, the DOJ has not been granted indefinite delay to make a death penalty decision. This case is scheduled for trial on a definite date. The Guide to Judiciary Policy provides that the court should establish a schedule for resolution of whether the government will seek the death penalty.[2] At this early stage of the proceedings, and considering the recent change in counsel, that schedule has not yet been determined.

After analyzing the charges lodged against Gross and the fact that he potentially faces the death penalty on five of the charges, and being familiar with the procedures and steps the Government must take before it decides whether to pursue the death penalty, the Court ruled that the Government's complex case motion should be granted. Having recently presided over a CCE case, the Court is fully aware of the novelty and complexity of this charge. As noted by the Government, courts around the country have rejected attempts to sprint to trial in CCE cases based on the Speedy Trial Act. *See United States v. Reavis*, 48 F.3d 763, 771 (4th Cir. 1995); *United States v. Chalkias*, 971 F.2d 1206, 1212 (6th Cir. 1992); *United States v. Mathis*, 96 F.3d 1577, 1580–81 (11th Cir. 1996).

---

[2] Although Gross has retained counsel, the principles and standards in the Guide to Judiciary Policy for Federal Death Penalty Cases (Vol. 7A, Ch. 6) apply to retained counsel in federal death penalty cases. Chapter 6, §607 provides that "Within a reasonable period of time after appointment of counsel under 18 U.S.C. § 3005, and only after consultation with counsel for the government and for the defendant (including, as appropriate, in an ex parte application or proceeding), the court should establish a schedule for resolution of whether the government will seek the death penalty."

Courts around the country have also found that given the implications for a defendant facing death-penalty-eligible charges, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time periods in the Speedy Trial Act. *United States v. Bernacett Cosme*, 127 F. Supp. 2d 271, 273 (D.P.R. 2001) (granting a continuance "stopping the STA clock" based on the possibility the government would seek the death penalty); *United States v. Storey*, 927 F.Supp. 414, 415–16 (D. Kan. 1996) (granting a continuance where the defendant faced the death penalty because, "[g]iven the nature of the charges against the defendant and the penalty which he faces, the case is too complex to expect adequate preparation for pretrial proceedings within the time limits established by § 3161(c)(1)"); *see also Reavis*, 48 F.3d at 771 (affirming continuance where defendant faced the possibility of prosecution under a seldom used federal death penalty statute).

In granting the motion to set a trial date outside of the 70-day limit, the Court concluded:

> The delay attributable to the changed trial date shall be excludable from the computations of time pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §3161. The interests of justice as stated in the motion for continuance are best served by the delay so that both the accused and the government can receive a fair trial, and those interests outweigh the interests of the public and the defendant in a speedy trial in this case. Those reasons include but are not limited to:
>
> (a) the amount of discovery, the number of defendants, and complexity of the case make it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(B)(ii);
>
> (b) failure to grant a continuance in this case would deny counsel for the defendants and counsel for the government the time necessary for effective preparation taking into account the exercise of due diligence;
>
> (c) if the Court grants the proposed discovery schedule, taking into account due diligence, counsel for the defendants and the defendants will need additional time to effectively review discovery materials and prepare for trial.

(Filing No. 114 at 2).

Gross has filed a Motion to Sever Defendants for Purpose of Permitting Early Trial (Filing No. 315), which has not yet been briefed. Regardless, having determined that this case is complex due to the number of defendants (whether some are severed or not), and the nature of the prosecution, which includes five death-penalty-eligible counts and the existence of novel questions of law and fact concerning the CCE charge, despite Gross' contentions otherwise, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial with the time limits prescribed by § 3161(c)(1) of the Speedy Trial Act, or a date earlier than the current setting. Accordingly, Gross' Motion for Early Trial is **denied**.

As a final matter, both parties request that the Court set pretrial filing deadlines and additional scheduling conferences. Pretrial deadlines were previously set in the September 16, 2025 Order Setting Final Pretrial And Pretrial Filing Deadlines (Filing No. 125). As this case evolves, the parties are free to request additional conferences as needed, and those conferences will be promptly set.

### IV.   CONCLUSION

For the reasons explained in this Order, Gross' Motion for Early Trial (Filing No. 301) is **DENIED**. Gross has invoked his right to a speedy trial and asks that this matter be set for "the earliest possible trial date consistent with counsel's schedule and the orderly administration of justice." *Id.* The October 19, 2026 trial date is consistent with this request. The Court notes that Gross "does not consent to any continuances that would extend the trial date beyond what is necessary for the fair and efficient resolution of this case." *Id.* Accordingly, all parties should prepare in earnest for trial on October 19, 2026.

**IT IS SO ORDERED.**

Date:   12/22/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Patrick S Aguirre
Law Offices of Patrick S. Aguirre
attorney@paguirrelaw.com

Jeffrey A. Baldwin
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jbaldwin@voyleslegal.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Tyler E. Brant
DePrez, Johnson, Brant & Eads, P.A.
tylerbrant@shelbylaw.com

Adam B. Brower
BANKS & BROWER LLP
adam.brower@banksbrower.com

Julie A. Chambers
Julie Chambers CJA Panel Attorney
julie@chamberslawllc.com

Belle T. Choate
ATTORNEY AT LAW
choatebelle@gmail.com

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Terrance Lamont Kinnard
Kinnard Rowley Powers Jimenez
tkinnard@krpjlaw.com

Scott Aaron Milkey
MCNEELYLAW LLP
SMilkey@McNeelyLaw.com

Carolyn E Powers
powerslawindy@gmail.com

Brendan Sullivan
Office of the U.S. Attorney - Southern District of Indiana
brendan.sullivan@usdoj.gov

Terry Wayne Tolliver
Brattain Minnix Tolliver
terry@bmtindy.com

Julie L. Treida
TREIDA LAW
treidalaw@gmail.com