UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00170-TWP-MKK |
| | ) | |
| AUSTIN GROSS, | ) | -01 |
| JASON LEWIS, | ) | -02 |
| ISAIAH WRIGHT, | ) | -03 |
| MAKAYLA HOCHSTETLER, | ) | -04 |
| JOSE SANCHEZ, | ) | -05 |
| RONTE MAJORS, | ) | -06 |
| JACOB BOBBITT, | ) | -07 |
| PHYLYDIA JACKSON, | ) | -08 |
| NATHAN DONLAN, | ) | -09 |
| JULIETTE GALLARDO ZAMORA, | ) | -10 |
| GAGE BUTLER, | ) | -11 |
| ALISHA SECREST, | ) | -12 |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT GROSS' MOTION TO SEVER DEFENDANTS FOR PURPOSE OF PERMITTING EARLY TRIAL**

This matter is before the Court on Defendant Austin Gross' ("Gross") Motion to Sever Defendants for Purpose of Permitting Early Trial (Filing No. 315). Gross seeks to sever his trial from his eleven codefendants. He argues that a joint trial would deny him a speedy trial and would result in prejudice. For the following reasons, Gross' Motion to Sever is **denied**.

### I.     PROCEDURAL BACKGROUND

Gross, along with eleven co-defendants, is charged in a nine-count Second Superseding Indictment (Filing No. 207). Gross is charged in each count; he is charged with nine co-defendants in Count One (Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances); he is charged with three co-defendants in Count Seven (Conspiracy to Launder Monetary Instruments); and he is charged with one co-defendant in Counts Eight and Nine each

(Use of a Communication Facility to Facilitate Drug Trafficking). Gross is the sole defendant in the remaining five counts, all of which are death-penalty-eligible: Count Two (Continuing Criminal Enterprise), Count Three (Tampering with a Witness), and Counts Four, Five, and Six (Causing Death by Using a Firearm During and in Relation to a Crime of Violence).

On August 29, 2025, the Government moved to set a trial date no earlier than September 2026 and to exclude the delay from the computation of the Speedy Trial Act (Filing No. 66). No responses or oppositions were filed by any defendant. Because of the breadth and extent of the discovery (which thus far has resulted in roughly eight terabytes of discovery), as well as the complexity of the case (which involves five separate death-penalty-eligible charges), the Court granted the Government's unopposed motion, designated the case complex, and issued an Order finding good cause to schedule trial for October 19, 2026 (Filing No. 114). The Court also declared the delay attributable to the October 2026 trial date excludable from the computations of time pursuant to the provisions of the Speedy Trial Act. *Id.* at 2.

In November 2025, Gross' current counsel entered their appearances (Filing No. 277, Filing No. 278). On December 5, 2025, Gross filed a Motion for Early Trial (Filing No. 301), and two weeks later, while the Motion for Early Trial was pending, Gross filed his Motion to Sever (Filing No. 315). On December 22, 2025, before the parties finished briefing the Motion to Sever, the Court denied Gross' Motion for Early Trial (Filing No. 316). The Court, "having determined that this case is complex due to the number of defendants (whether some are severed or not), and the nature of the prosecution, which includes five death-penalty-eligible counts and the existence of novel questions of law and fact concerning the [Continuing Criminal Enterprise] charge," concluded that "it is unreasonable to expect adequate preparation for pretrial proceedings or the trial with the time limits prescribed by § 3161(c)(1) of the Speedy Trial Act, or a date earlier than

2

the current setting." *Id.* at 9. The parties subsequently filed their response and reply briefs on the Motion to Sever (Filing No. 320; Filing No. 321). That motion is now ripe for ruling.

## II. LEGAL STANDARD

The district court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Rule 14 allows the district court to sever a defendant's trial if joinder appears to prejudice the defendant, and the defendant bears the heavy burden of making "'a strong showing of factually specific and compelling prejudice' that will 'mislead or confuse the jury.'" *United States v. Dixon*, No. 14-cr-209, 2015 WL 2400465, at *1 (S.D. Ind. May 19, 2015) (quoting *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990)); *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999) ("[D]efendant seeking severance at trial from co-defendants bears a strong burden and must demonstrate substantial, undue, or compelling prejudice."). To make this showing, "the defendant must demonstrate the jury's inability to distinguish the evidence relevant to each defendant." *Moore*, 917 F.2d at 221. "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539.

## III. DISCUSSION

Gross primarily argues that his trial should be severed "so that he may proceed to trial at the earliest possible date." (Filing No. 315). He contends that his co-defendants "are not similarly situated with respect to readiness for trial," and "[t]he preparedness and anticipated pretrial issues of the remaining defendants threaten to delay trial well beyond the time Mr. Gross is prepared and entitled to proceed." *Id.* at 1–2. However, as the Government correctly notes in response, the Court has since denied Gross' request for an early trial (for reasons other than the co-defendants' joinder), so severance "will not serve to accomplish [Gross'] ultimate goal . . . to move his trial date

3

forward." (Filing No. 320 at 6). On reply, Gross tacitly concedes that the denial of his Motion for Early Trial moots the argument that severance is needed to permit an early trial. But Gross continues to argue that a joint trial would result in other types of prejudice that warrant severance (Filing No. 321). The Court will address each type of potential prejudice in turn.

      First, Gross asserts that the death-penalty-eligible charges "overshadow all the other allegations," and "[n]one of the allegations against the co-defendants is probative as to the question of whether Gross did or did not cause death by using a firearm during and in relation to a crime of violence." (Filing No. 315 at 3). "Presenting facts and evidence related to the co-defendants and their involvement in the alleged drug conspiracy," Gross argues, "would run the very serious risk that the jury may convict Gross by mere association with the alleged drug offenses." *Id.* at 4. The Government responds that Gross' concerns are too generalized to warrant severance, and the Court agrees. Gross does not identify any specific evidence that would be admissible against a co-defendant but not Gross; the Government persuasively contends that Gross would be "hard-pressed" to identify any such evidence, "as he is named in each and every count of the indictment, and . . . he is alleged to be the leader/organizer of the overall scheme." (Filing No. 320 at 8). Likewise, Gross does not explain how a joint trial with co-defendants charged with only lesser offenses (with which Gross is *also* charged) would prejudice Gross, rather than his co-defendants. *Id.* at 9. The fact that Gross alone is charged with the most serious offenses, without more, does not show a serious risk of prejudice.

      Next, Gross argues that a joint trial would deprive him of the ability to cross-examine the senders and receivers of electronic communications, which the Government is expected to offer as evidence (Filing No. 315 at 4). The Government responds that these communications will be admissible under Federal Rule of Evidence 801(d)(2)(E), and that their admission will not violate

4

Gross' rights under the Sixth Amendment's Confrontation Clause because they are non-testimonial statements made in furtherance of a conspiracy, and thus exempt from analysis under the Confrontation Clause. (Filing No. 320 at 11–12); *see United States v. Williams*, 858 F.2d 1218, 1224 (7th Cir. 1988). On reply, Gross reiterates the importance of his rights under the Confrontation Clause and asserts that "the anticipated volume of communications . . . raises legitimate concerns about the jury's ability to contextualize statements without impermissibly imputing them to Gross." (Filing No. 321 at 4). However, Gross fails to identify any specific electronic communications that, if admitted, would run afoul of his Sixth Amendment rights, or any evidence that a jury would be unable to "contextualize" or properly attribute to a co-defendant.

Lastly, Gross asserts that severance is warranted when there is a "serious risk" that exculpatory testimony would be unavailable to a defendant in a joint trial (Filing No. 315 at 5). The Government responds that Gross fails to cite any specific exculpatory evidence supporting his claim, so "this concern is, at best, premature." (Filing No. 320 at 12). The Court again agrees.

"Joinder and severance determinations are fact-intensive and context-dependent" (Filing No. 321 at 2), yet Gross fails to offer any specific facts, evidence, or context showing a serious risk that a joint trial would prejudice him. *Zafiro*, 506 U.S. at 539. Even if Gross could show prejudice, "that alone may not necessarily suffice for [him] to prevail; limiting instructions will often cure any risk of prejudice, and tailoring relief from prejudice is within the district court's discretion." *United States v. Carter*, 695 F.3d 690, 701 (7th Cir. 2012). Although the jury may hear evidence and testimony about Gross' co-defendants' involvement in the alleged drug conspiracy, money laundering conspiracy, and drug trafficking operation, any risk of prejudice to Gross can be cured by use of redactions or proper jury instructions.

At present, Gross has not met his heavy burden of making "a strong showing of factually specific and compelling prejudice that will mislead or confuse the jury," therefore his Motion to Sever is **denied**. However, because subsequent events and/or evidence may provide grounds for severance, his Motion is denied **without prejudice** to refile later, if appropriate.

## IV.    CONCLUSION

For the reasons explained above, Gross' Motion to Sever Defendants for Purpose of Permitting Early Trial (Filing No. 315) is **DENIED**, without prejudice.

**SO ORDERED**.

Date: 2/4/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Patrick S Aguirre
Law Offices of Patrick S. Aguirre
attorney@paguirrelaw.com

Jeffrey A. Baldwin
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jbaldwin@voyleslegal.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Tyler E. Brant
DePrez, Johnson, Brant & Eads, P.A.
tylerbrant@shelbylaw.com

Adam B. Brower

BANKS & BROWER LLP
adam.brower@banksbrower.com

Julie A. Chambers
Julie Chambers CJA Panel Attorney
julie@chamberslawllc.com

Belle T. Choate
ATTORNEY AT LAW
choatebelle@gmail.com

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Terrance Lamont Kinnard
Kinnard Rowley Powers Jimenez
tkinnard@krpjlaw.com

Scott Aaron Milkey
MCNEELYLAW LLP
SMilkey@McNeelyLaw.com

Carolyn E Powers
Kinnard, Rowley, Powers, Jimenez
cpowers@krpjlaw.com

Brendan Sullivan
Office of the U.S. Attorney - Southern District of Indiana
brendan.sullivan@usdoj.gov

Terry Wayne Tolliver
Brattain Minnix Tolliver
terry@bmtindy.com

Julie L. Treida
TREIDA LAW
treidalaw@gmail.com