UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
            v.                      )       No. 1:25-cr-00170-TWP-MKK
                                    )
AUSTIN GROSS,                       )   -01
JASON LEWIS,                        )   -02
ISAIAH WRIGHT,                      )   -03
MAKAYLA HOCHSTETLER,                )   -04
JOSE SANCHEZ,                       )   -05
RONTE MAJORS,                       )   -06
JACOB BOBBITT,                      )   -07
PHYLYDIA JACKSON,                   )   -08
NATHAN DONLAN,                      )   -09
JULIETTE GALLARDO ZAMORA,           )   -10
GAGE BUTLER,                        )   -11
ALISHA SECREST,                     )   -12
                                    )
                    Defendants.     )

**ORDER GRANTING DEFENDANT GROSS'S MOTION FOR CONTINUANCE**

This matter is before the Court on Defendant Austin Gross' Partially Opposed Motion to Continue Jury Trial (Filing No. 439). The Government does not object to a continuance. Defendants Jacob Bobbit, Nathan Donlan and Jose Sanchez do not object. Defendants Jason Lewis and Juliette Zamora object. The position of remaining co-defendants is unknown. For the reasons explained below, the Motion is **granted** and the delay attributable to the continuance is excludable from the computations of time pursuant to provisions of the Speedy Trial Act.

**I. DISCUSSION**

This matter is scheduled for final pretrial conference on September 22, 2026, and trial by jury on October 19, 2026.  Defendant Gross, along with eleven co-defendants, are charged in an

1

eleven-count Third Superseding Indictment (Filing No. 364). Gross is charged in ten counts; he is charged with nine co-defendants in Count One (Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances); he is charged with three co-defendants in Count Seven (Conspiracy to Launder Monetary Instruments); and he is charged with one co-defendant in Counts Eight and Nine (Use of a Communication Facility to Facilitate Drug Trafficking). Jason Lewis is the sole defendant charged in Count Eleven (Use, Carry and Discharge of a Firearm in furtherance of a Drug Trafficking Crime. Gross is the sole defendant in the remaining five counts, all of which are death-penalty-eligible: Count Two (Continuing Criminal Enterprise), Count Three (Tampering with a Witness), and Counts Four, Five, and Six (Causing Death by Using a Firearm During and in Relation to a Crime of Violence).

On April 21, 2026 the Government field a Notice of Intent to Seek the Death Penalty against Gross. (Dkt. 404 ). On May 5, 2026, Gross filed the instant Partially Opposed Motion to Continue Jury Trial, stating "[g]iven the recently filed Notice of Intent to Seek Death Penalty, Mr. Gross seeks an initial 12-month continuance to October 2027". (Dkt. 439). The Government does not object to a continuance. *Id*. at 3. Defendants Jacob Bobbit, Nathan Donlan and Jose Sanchez do not object. *Id*. at 2. The position of Defendants Isaiah Wright, Gage Butler, Makayla Hochstetler, Phylydia Jackson, Alisha Seacrest and Ronte Majors is unknown. Defendants Jason Lewis and Juliette Zamora object, "due to the length of time requested." *Id*.

The Seventh Circuit has stated that in deciding whether to grant a motion to continue, a district court should consider several factors, including: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial of the continuance; (3) the defendant's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the likelihood that a continuance will satisfy the

2

movant's needs; and (7) the inconvenience and burden to the district court and its pending case load. *U.S. v. Volpentesta*, 727 F.3rd 666, 679 (7th Cir. 2013).

The Court has considered the factors recognized by the Seventh Circuit. This case has been pending for approximately 9 months and there have been no prior continuances of the trial date. Giving the filing of the death penalty notice, the likelihood of prejudice to Gross from denial of a continuance is substantial. The Court finds no inconvenience and burden to the district court and its pending case load by granting the request to continue this trial.

A continuance is likely to satisfy the movants needs. This case was previously certified complex, and the filing of the death penalty notice significantly increases the complexity of the case. Federal courts frequently grant a continuance to allow the defense time to prepare after a notice of intent to pursue the death penalty is filed. *See United States v. George*, Criminal Action No. 17-201, 2018 WL 6812497, at *8 (E.D. La. Dec. 27, 2018) (finding that a continuance of a joint trial where government sought death penalty for some of the defendants did not violate the non-capital defendant's speedy trial rights and granting continuance over non-capital defendant's objection); *United States v. Reddick*, Crim. No. 09-mj-2001, 2010 WL 5253527, at *5 (D. N.J. Dec. 17, 2010) ("Given the implications for defendant, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time periods in the Speedy Trial Act.") (citing *United States v. Bernacett Cosme*, 127 F. Supp. 2d 271, 273 (D.P.R. 2001) (granting a continuance "stopping the STA clock" based on the possibility the government would seek the death penalty); *United States v. Storey*, 927 F. Supp. 414, 415–16 (D. Kan. 1996) (granting a continuance where the defendant faced the death penalty because, "[g]iven the nature of the charges against the defendant and the penalty he faces, the case is too complex to expect adequate preparation for pretrial proceedings within the time limits established by §3161(c)(1)").

With respect to the two objectors— Jason Lewis (2) and Juliette Zamora (10) — Jason Lewis is charged in Counts One and Eleven, and Juliette Zamora is charged in Counts One and Five. On May 5, 2026, Juliette Zamora filed a petition to enter a plea of guilty (Filing No. 438), so her objection is now **moot**. In addition, several of Gross' other co-defendants have filed petitions to plead guilty: Gage Butler (11), Makayla Hochstetler (4), Phyldia Jackson (8), Alisa Seacrest (12) Ronte Majors (6), Isaiah Wright (3), Nathan Dolan (9), and the Government has extended plea offers and anticipates that most of the remaining co-defendants will not proceed to trial.

Concerning Jason Lewis' objection, his general opposition to a continuance is not persuasive—and he does not indicate how he would be prejudiced by the delay. Under the circumstances here, the interest of justice is best served by the delay to allow a final death penalty defense team to be assembled for Gross, and to allow adequate time for investigation and preparation of a quality defense. These interests outweigh the interests of the public and the defendants in a speedy trial in this case.

Accordingly, the Court finds that a reasonable period of delay in the trial, until October 2027, is both warranted and excludable from the speedy trial clock, and the risk of prejudice arising from such reasonable delay is outweighed by the economics of a single trial in which all facets of the crime, as to all indicted co-defendants, can be explored once and for all. 18 U.S.C. § 3161(h)(6); *United States v. Alviar,* 573 F.3d 526, 539 (7th Cir. 2009) (quoting *Zafiro v. United States,* 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh,* 481 U.S. 200, 209-10 (1987)) (internal citations omitted). "An excludable delay of one defendant may be excludable as to all co-defendants, absent severance." *United States v. Rollins*, 544 F.3d 820, 829 (7th Cir. 208). Accordingly, over the objection of Defendant Jason Lewis, the request for continuance of the trial is **granted**.

## II.  CONCLUSION

For the reasons stated above, Defendant Gross' Partially Opposed Motion to Continue Jury Trial (Filing No. 439) is **GRANTED**.  It is therefore Ordered that the October 19, 2026 trial and the September 22, 2026 final pretrial conference are **VACATED**. This action is **RESCHEDULED** for a final pretrial conference on **September 14, 2027 at 9:00 a.m**. in Room 344 and trial by jury on **October 4, 2027 at 9:00 a.m.** in Room 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana. The Defendants shall appear at the final pretrial conference.

The delay resulting from the resetting of the trial date is excluded from the period in which the Defendants must be brought to trial under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(c)(1) and 3161(h)(6) and (7) because the ends of justice will be served by such action and outweigh the best interests of the public and the Defendants in a speedy trial. It is further, **ORDERED** that the period of delay from the filing of the motion to continue to the new trial setting be excluded for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and 18 U.S.C. § 3161(c)(1).

IT IS SO ORDERED.

Date:    5/19/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Patrick S Aguirre
Law Offices of Patrick S. Aguirre
attorney@paguirrelaw.com

Jeffrey A. Baldwin
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jbaldwin@voyleslegal.com

5

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Michelle Patricia Brady
DOJ-USAO
michelle.brady@usdoj.gov

Tyler E. Brant
DePrez, Johnson, Brant & Eads, P.A.
tylerbrant@shelbylaw.com

Adam B. Brower
BANKS & BROWER LLP
adam.brower@banksbrower.com

Julie A. Chambers
Julie Chambers CJA Panel Attorney
julie@chamberslawllc.com

Belle T. Choate
ATTORNEY AT LAW
choatebelle@gmail.com

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Terrance Lamont Kinnard
Kinnard Rowley Powers Jimenez
tkinnard@krpjlaw.com

Steven Ian Loew
DOJ-Crm
steven.loew2@usdoj.gov

Scott Aaron Milkey
MCNEELYLAW LLP
SMilkey@McNeelyLaw.com

Carolyn E Powers
Kinnard, Rowley, Powers, Jimenez
cpowers@krpjlaw.com

Terry Wayne Tolliver
Brattain Minnix Tolliver
terry@bmtindy.com

Julie L. Treida
TREIDA LAW
treidalaw@gmail.com